# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CHRISTOPHER TONY HEGGEBO, Defendant. | No. 10-CR-16-LRR  **ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Christopher Tony Heggebo's "Motion to Dismiss" ("Motion") (docket no. 9).

## *II. RELEVANT PROCEDURAL HISTORY*

On March 16, 2010, a grand jury returned a one-count Indictment ("Original Indictment") (docket no. 2) against Defendant. Count 1 charges Defendant with Child Exploitation, in violation of 18 U.S.C. § 2251(a) and (e). On April 19, 2010, Defendant filed the Motion. On May 5, 2010, a grand jury returned a three-count Superseding Indictment ("Superseding Indictment") against Defendant. Counts 1 and 2 charge Defendant with Child Exploitation in violation of 18 U.S.C. § 2251(a) and (e). Count 3 charges Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On May 6, 2010, the government filed its Resistance (docket no. 21) to the Motion.

## *III. ANALYSIS*

The court first addresses the effect of the Superseding Indictment on the Motion. Next, the court addresses the merits of the Motion.

### A. Superseding Indictment

The government contends that "[D]efendant's [M]otion to [D]ismiss Count 1 of the original [I]ndictment should be denied as moot." Resistance at 1. The government asserts, without citation to legal authority, that the Superseding Indictment essentially nullified the Original Indictment, rendering the Motion moot.

A "superseding indictment and [an] original indictment can co-exist." *United States v. Walker*, 363 F.3d 711, 715 (8th Cir. 2004). [A] superseding indictment does not in effect dismiss the original indictment[.]" *Id.* If the Superseding Indictment, for whatever reason, was to be dismissed, this case would continue under the Original Indictment. *United States v. Bowen*, 946 F.2d 734, 737 (10th Cir. 1991). Accordingly, the court proceeds to the merits of the Motion.

### B. Commerce Clause Challenge

Count 1 of the Original Indictment charges Defendant with a violation of 18 U.S.C. § 2251(a), which provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted

> using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Defendant asserts that this statue constitutes an unconstitutional exercise of congressional power. Specifically, Defendant argues that this statute exceeds Congress's authority to "regulate commerce with foreign nations, and among the several states[.]" U.S. Const. art. I, § 8, cl. 3. Courts generally afford the Commerce Clause an "expansive interpretation." *United States v. Morrison*, 529 U.S. 598, 608 (2000). However, "Congress' regulatory authority is not without effective bounds." *Id.*

The Supreme Court "has identified three broad categories of activity that Congress may regulate under its commerce power." *Id.* at 608. Congress may regulate: (1) "the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce;" and (3) "those activities having a substantial relation to interstate commerce." *Id.* at 609. The statute at issue does not regulate the channels or instrumentalities of interstate commerce. Accordingly, to be a valid exercise of the commerce power, the statute must regulate an activity which has a substantial relation to interstate commerce.

> Whether an activity is one that substantially affects interstate commerce is determined by focusing on four factors in particular: (1) whether the regulated activity is economic in nature; (2) whether the statute contains an express jurisdictional element which limits its application to activities with "an explicit connection with or effect on interstate commerce"; (3) whether there are congressional findings about the regulated activity's effects on interstate commerce; and (4) whether the connection between the activity and a substantial effect on interstate commerce is attenuated.

*United States v. Mugan*, 441 F.3d 622, 627-28 (8th Cir. 2006) (quoting *Morrison*, 529 U.S. at 610-13).

In *Mugan*, the Eighth Circuit Court of Appeals considered all four of these factors and rejected a commerce clause challenge to 18 U.S.C. § 2251(a). The court agrees with the *Mugan*'s analysis of the four factors. First, the regulated activity (production of child

3

pornography) has become an economic activity in light of the market for the materials created by its production. Second, the statute contains a jurisdictional element. Third, Congress promulgated findings regarding child pornography's economic impact. Last, the connection between the production of child pornography and the impact on interstate commerce is not attenuated.

Defendant argues that, although *Mugan* and the instant case involve the same statute and regulated activity, *Mugan* is not controlling. Defendant states that 18 U.S.C. § 2251(a) "has been amended and [an] additional exercise of jurisdiction has been asserted by Congress[.]" Defendant's Brief in Support of the Motion (docket no. 11), at 3. The version of 18 U.S.C. § 2251(a) upheld in *Mugan* provided:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a) (2006).

The court finds that *Mugan*'s analysis is equally applicable to the current version of 18 U.S.C. § 2251(a). Furthermore, the Eighth Circuit Court of Appeals has upheld the constitutionality of 18 U.S.C. § 2251(a) subsequent to the 2008 amendment. *See United States v. McCloud*, 590 F.3d 560, 568 (8th Cir. 2009) (holding that the defendant's "'argument that § 2251(a) exceeds Congress's authority under the Commerce Clause is

without merit.'") (quoting *United States v. Pliego*, 578 F.3d 938, 944 (8th Cir. 2009)). Accordingly, the court finds 18 U.S.C. § 2251(a) constitutional.

## IV. CONCLUSION

For the foregoing reasons, the Motion (docket no. 9) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 12th day of May, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA