# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 10-CR-16-LRR |
| vs. | **ORDER** |
| CHRISTOPHER TONY HEGGEBO, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Christopher Tony Heggebo's "Second Motion to Dismiss" ("Motion") (docket no. 27).

## *II. RELEVANT PROCEDURAL HISTORY*

On March 16, 2010, a grand jury returned a one-count Indictment (docket no. 2) against Defendant. Count 1 charges Defendant with Child Exploitation, in violation of 18 U.S.C. § 2251(a) and (e). On April 19, 2010, Defendant filed a Motion to Dismiss ("First Motion"). On May 5, 2010, a grand jury returned a three-count Superseding Indictment ("Superseding Indictment") against Defendant. Counts 1 and 2 charge Defendant with Child Exploitation in violation of 18 U.S.C. § 2251(a) and (e). Count 3 charges Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On May 12, 2010, the court issued an Order (docket no. 26) denying the First Motion. On May 18, 2010, Defendant filed the Motion. On May 28, 2010, the government filed its Resistance (docket no. 28).

## *III. ANALYSIS*

In the Motion, Defendant argues that the statutes relating to production and possession of child pornography exceed Congress's authority to legislate pursuant to the Commerce Clause. This is the same argument Defendant lodged in the First Motion.

After Defendant filed the First Motion, a grand jury returned the Superseding Indictment, which added an additional count of Child Exploitation and one count of Possession of Child Pornography. The jurisdictional elements in the statutes under which Defendant is charged are identical. *See* 18 U.S.C. § 2251(a) (stating that jurisdiction is proper if the image was "produced or transmitted using materials that have been mailed, shipped or transported in or affecting interstate or foreign commerce"); 18 U.S.C. § 2252A(a)(5)(B) (stating jurisdiction is proper if the image possessed "was produced using materials that have been mailed, shipped or transported in or affecting interstate or foreign commerce"). Accordingly, the analysis with respect to the Commerce Clause is the same as the analysis relevant to the First Motion. For the reasons stated in the court's May 12, 2010 Order denying the First Motion, the court shall deny the Motion.

## *IV. CONCLUSION*

For the foregoing reasons, the Motion (docket no. 27) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 2nd day of June, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA