# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintff, vs. CHRISTOPHER TONY HEGGEBO, Defendant. | No. 10-CR-16-LRR  **ORDER** |

## I. INTRODUCTION

The matter before the court is Defendant Christopher Tony Heggebo's Objections (docket no. 62) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 53), which recommends that the undersigned deny Defendant's "Motion to Suppress Evidence" ("Motion") (docket no. 31).

## II. RELEVANT PROCEDURAL HISTORY

On May 5, 2010, a grand jury returned a three-count Superseding Indictment (docket no. 18) against Defendant. Counts 1 and 2 charge Defendant with Child Exploitation, in violation of 18 U.S.C. § 2251(a) and (e). Count 3 charges Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On June 2, 2010, Defendant filed the Motion. On June 11, 2010, the government filed its Resistance (docket no. 38). On June 21, 2010, Judge Scoles held a hearing ("Hearing") on the Motion. Attorney Stephen Swift represented Defendant, who was personally present. Assistant United States Attorney Peter Deegan, Jr. represented the government.

On June 21, 2010, the government filed a one-count Information (docket no. 43) against Defendant. Count 1 charges Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On July 1, 2010, Defendant entered conditional guilty pleas to Count 2 of the Superseding Indictment and Count 1 of the

Information. Defendant's pleas are conditional upon the outcome of the Motion. On July 7, 2010, Judge Scoles filed the Report and Recommendation. On July 16, 2010, the undersigned accepted Defendant's conditional guilty pleas. On July 27, 2010, Defendant filed his Objections to the Report and Recommendation. On August 17, 2010, the government filed its response ("Response") (docket no. 66) to the Objections.

### III. ANALYSIS

Defendant lodges several objections to the Report and Recommendation. Two of Defendant's objections relate to typographical errors in the Report and Recommendation. The remaining eight relate to mixed questions of fact and law. The court will address these eight objections by discussing the three search warrants at issue and by discussing the good faith exception.

#### A. *February 8, 2010 Warrant*

Defendant objects to Judge Scoles's conclusion that probable cause supported the February 8, 2010 search warrant. Specifically, Defendant objects to Judge Scoles's use of *United States v. Grant*, 490 F.3d 627 (8th Cir. 2007) in his analysis and to Judge Scoles's credibility findings.

##### 1. *Probable cause finding*

The February 8, 2010 search warrant granted law enforcement permission to search for and seize "cameras, recording devices, memory cards/sticks, photographs of children and minors being photographed in a sexual content, VHS and DVD pornography. Any and all sex toys. Any and all diaries and[/]or memos or ledgers prepared by [Defendant]. Any and all letters and personal photographs of [Defendant]." Gov. Exhibit 1 (docket no. 55-10), at 1. In her attachment to the February 8, 2010 search warrant, Officer Amy Ford of the Anamosa Police Department described the conversation she had with a confidential informant ("CI"). Officer Ford stated that the CI described a video she had watched with Ashley Etten, Defendant's live-in girlfriend. The CI stated that the video featured a

"young female . . . without any underwear on." Defendant's Exhibit B-2 (docket no. 55-11). The CI was unable to see the girl's face, but observed "tiny fingers, pink fingernail polish, and [the fact that she was not] fully developed in the private area." *Id.* The CI told Officer Ford that the young female's fingers were in her "private area" and that another person was "moving her finger around." *Id.* The CI stopped watching the video while Etten continued to watch. Later, Etten exclaimed "Oh my God, he is using my vibrator on her." *Id.* The CI eventually left Etten's residence. Etten later sent the CI a text message telling the CI that Etten "made [Defendant] delete all of the video[.]" *Id.*

In addition to providing this information, Officer Ford included information related to the CI's credibility in the search warrant application. Among other reasons, Officer Ford listed that the CI is "mature," is "regularly employed" and "has no motivation to falsify information." Defendant's Exhibit B-3 (docket no. 55-12).

The court finds that Judge Scoles's analysis regarding the February 8, 2010 search warrant is sound. Even if the court accepts Defendant's arguments related to *Grant*, the analysis remains the same. In *Grant*, an investigator described the statement of a computer technician in his affidavit supporting a search warrant application. *Grant*, 490 F.3d at 630. The computer technician told the officer that he believed "child pornography" was present on the defendant's computer. *Id.* The Eighth Circuit Court of Appeals held that this statement was sufficient to support a probable cause finding. *Id.* at 632. Defendant argues that Grant's reasoning is inapplicable here, because the instant case does not involve a computer technician who is "uniquely able, and properly motivated, to distinguish between child pornography and lawful images." *Id.* In the instant case, Officer Ford went well beyond what the Eighth Circuit held acceptable in *Grant*. She described the images on the video to a degree which would "lead a prudent person to believe" that the video

3

contained lascivious exhibition of a minor's genitals.[1] *United States v. Johnson*, 64 F.3d 1120, 1126 (8th Cir. 1995) ("Probable cause to issue a search warrant exists when the supporting affidavit sets forth sufficient facts to lead a prudent person to believe that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983))). Accordingly, the court finds that probable cause supported the February 8, 2010 warrant.

### 2. *Credibility finding*

In addition to asserting that the February 8, 2010 warrant lacked probable cause on its face, Defendant argues that Officer Ford lacks credibility. It is unclear whether Defendant objects to Judge Scoles's credibility finding solely with respect to the March 30, 2010 warrant or to Judge Scoles's credibility findings with respect to Officer Ford generally. Defendant argues that there are discrepancies between Officer Ford's Hearing testimony and one of her supplemental reports related to this case, and that therefore, this court should not rely upon Officer Ford's statements to assess probable cause. Defendant refers to a line of questioning at the Hearing regarding the specificity of the March 30, 2010 warrant application compared to the language Officer Ford uses in her supplemental report.[2] In the supplemental report, Officer Ford refers to a "young girl" on a video on a cellular phone. Supplemental Report (docket no. 54-1), at 1. In her March 30, 2010

---

[1] The statute under which Defendant is charged, 18 U.S.C. § 2251(a), prohibits "employ[ing], us[ing], persuad[ing], induc[ing], entic[ing] or coerc[ing] any minor to engage in . . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct[.]" "Sexually explicit conduct" is defined as, among other things, "lascivious exhibition of the genitals or pubic area of any person[.]" 18 U.S.C. § 2256(2)(A)(v). "A depiction of a child is lascivious exhibition of the genitals when the child is nude or partially clothed, when the focus of the depiction is the child's genitals or pubic area, and when the image is intended to elicit a sexual response in the viewer." *United States v. Kain*, 589 F.3d 945, 951 (8th Cir. 2009) (internal quotation marks omitted).

[2] The court addresses the March 30, 2010 search warrant in section III.C., *infra*.

search warrant application, Officer Ford refers to the girl as a "prepubescent minor girl[.]" Defendant's Exhibit A-2 (docket no. 55-2), at 1. After reviewing the entire record, the court finds that the use of this different language does not raise a question with respect to Officer Ford's credibility or veracity. Officer Ford adequately explained why she used the term "prepubescent" in the application. At the Hearing, Officer Ford testified that Deputy C.J. Sullivan "had told [her] he had been told . . . that there was a little girl in the video. Deputy Sullivan asked [the informant] how little and [he] stated she did not have any pubic hair." Hearing Transcript ("Tr.") (docket no. 60), at 24. This information supported her statement that the girl in the video was prepubescent. Accordingly, the objections related to Officer Ford's credibility are overruled.

## B. February 16, 2010 Warrant

Defendant objects to Judge Scoles's finding that probable cause supported the February 16, 2010 warrant. This warrant authorized law enforcement to search the camera seized during the execution of the February 8, 2010 warrant.

Again, the court finds that Judge Scoles's analysis on this point is sound. The February 16, 2010 search warrant application incorporated by reference all the information used to support the February 8, 2010 warrant. In addition, the application for the February 16, 2010 warrant included a statement from Defendant's live-in girlfriend, Ashley Etten. Among other things, the application included: the CI's statement regarding the video she viewed at Defendant's residence; the CI's statements related to her conversations with Etten regarding deleting the video; and Etten's statement that Defendant and an eight-year-old girl were present in the video. After reviewing the entire record, the court finds that the affidavit supporting the application for the February 16, 2010 warrant "set[] forth sufficient facts to lead a prudent person to believe that 'there is a fair probability that contraband or evidence of a crime [would] be found in [the video camera].'" *Johnson*, 64 F.3d at 1126 (quoting *Gates*, 462 U.S. at 238). The court fully

adopts Judge Scoles's analysis on pages 15 and 16 of the Report and Recommendation related to probable cause.

To the extent that Defendant's objections argue that the February 16, 2010 warrant was not supported by probable cause due to Officer Ford's credibility, the court overrules those objections for the reasons stated in its analysis related to the February 8, 2010 search warrant.

### *C. March 30, 2010 Warrant*

Defendant objects to Judge Scoles's conclusion that probable cause supported the March 30, 2010 warrant. This warrant authorized the search of a cellular telephone provided to law enforcement by Ryan Pearson, who found the phone in the parking lot of a Wal Mart store. Officer Ford's affidavit attached to the search warrant application states that Pearson viewed a video on the cell phone and reported that "he saw a video of an older man videotaping a naked, prepubescent minor girl in the shower." Affidavit (docket no. 55-2), at 1. Pearson stated that he believed the older man in the video was the subject of an ongoing child pornography investigation. He described the adult male in a different video on the phone as "white" with "curly bushy type hair[.]" *Id*. at 2. The information present in the application supports the reasonable inference that videos on the phone contained lascivious exhibition of a minor's genitals. Additionally, the information in the application is sufficient to support Judge Scoles's finding that Defendant was present in at least one video on the phone. Accordingly, the court overrules the objections to the extent they claim the March 30, 2010 search warrant was not supported by probable case.

To the extent that Defendant's objections argue that the March 30, 2010 warrant was not supported by probable cause due to Officer Ford's credibility, the court overrules those objections for the reasons stated in its analysis related to the February 8, 2010 search warrant.

6

## D. Good Faith Exception

Because the court finds that the three search warrants at issue were supported by probable cause, it is unnecessary to address the good faith exception and Defendant's objections related to whether the good faith exception applies. In any event, the court agrees with Judge Scoles's analysis related to the good faith exception.

"Under the good faith exception, where probable cause is found lacking, suppression will not be required if: '(1) the executing officers relied in good faith on a search warrant signed by a neutral and detached magistrate, and (2) the officers' reliance on the warrant was objectively reasonable.'" *United States v. Fulgham*, 143 F.3d 399, 401 (8th Cir. 1998) (quoting *United States v. Jackson*, 67 F.3d 1359, 1365 (8th Cir. 1995)). The good faith exception cannot apply if "when the affidavit or testimony in support of the warrant included a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge" *Grant*, 490 F.3d at 632. Defendant claims that Officer Ford's use of the term prepubescent must have been made with reckless disregard for the truth. The court disagrees. Prior to applying for the March 30, 2010 search warrant, Officer Ford, through her investigation, had received evidence that the girl in the video lacked pubic hair. Deputy C.J. Sullivan "had told [her] he had been told by [Pearson] that there was a little girl in the video. Deputy Sullivan asked [Pearson] how little and [he] stated she did not have any pubic hair." Tr. at 24. This information supported her statement that the girl in the video was prepubescent. Accordingly, the court finds that this statement was not a "false statement made knowingly and intentionally or with reckless disregard for its truth." *Leon*, 468 U.S. at 923.

## E. Remaining Objections

The undersigned shall sustain Defendant's objections related to the typographical errors and modify the Report and Recommendation accordingly. On page six of the Report and Recommendation, the reference to the "affidavit of Officer Jones" should be

7

replaced with the "affidavit of Officer Ford." On page twenty-three of the Report and Recommendation, the second sentence of the first full paragraph should read "Defendant claims that Officer Ford's statement in her affidavit that the female subject in the video was a 'naked, prepubescent minor girl' was false because she had no way of knowing, based on the statements made to her, that the female was prepubescent." These typographical errors do not affect the court's analysis or ultimate conclusion. Therefore, the errors are harmless.

## V. CONCLUSION

In light of the foregoing, it is **HEREBY ORDERED THAT:**

(1) Defendant's Objections (docket no. 62) are **OVERRULED** in part and **SUSTAINED** in part;

(2) The Report and Recommendation (docket no. 53) is **ADOPTED AS MODIFIED**; and

(3) The Motion (docket no. 31) is **DENIED**.

**DATED** this 14th day of September, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA